**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **JOE PAT BARNETT,** | § | |
| **Plaintiff** | § | |
| | § | |
| **v.** | § | **Civil Action No.** __19-965_____ |
| | § | |
| **STATE FARM LLOYDS,** | § | |
| **Defendant** | § | |

---

## DEFENDANT STATE FARM LLOYDS' NOTICE OF REMOVAL

---

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

Defendant State Farm Lloyds files this Notice of Removal pursuant to 28 U.S.C. §1446(a) and respectfully shows the following:

### *Procedural Background*

1. On July 30, 2019, Joe Pat Barnett filed his Plaintiff's First [Amended] Petition ("First Amended Petition") styled Cause No. 19-1211-CV-C; *Joe Pat Barnett v. State Farm Lloyds;* In the 25th Judicial District, Guadalupe County, Texas. Defendant State Farm Lloyds ("State Farm") was served with the amended petition on July 30, 2019.[1]

### *Nature of the Suit*

1. This lawsuit involves a dispute over Defendant's handling of Plaintiff's insurance claim for damages allegedly caused by Hurricane Harvey on or about August 26, 2017, to Plaintiff's residential property at 213 Crest Circle Drive, San Marcos, Texas 78666, Guadalupe

---

[1] Plaintiff's Original Petition named State Farm Lloyds, Inc. as Defendant. State Farm Lloyds, Inc. is the attorney in fact for State Farm Lloyds; however, State Farm Lloyds is the entity that issued Plaintiff's homeowners policy and is the proper defendant. The First Amended Petition drops State Farm Lloyds, Inc. from the suit and names State Farm Lloyds as defendant, thus correcting the defect in parties raised in State Farm Lloyds, Inc.'s original answer and verified denial. State Farm Lloyds has answered the suit.

County, Texas.  Plaintiff asserts causes of action against State Farm for violations of Chapters 541 and 542 of the Texas Insurance Code, the Texas Deceptive Trade Practices-Consumer Protection Act ("DTPA"), and fraud.  Plaintiff currently seeks out-of-pocket expenses, loss of use, cost of replacement, loss of credit and damage to credit reputation, interest and/or finance charges assessed against and paid by Plaintiff, reasonable expenses of temporary housing, loss of earnings, loss of fair market value of the home, mental anguish, additional damages for knowing statutory violations, punitive damages, statutory interest penalties, attorneys' fees, pre- and post-judgment interest, and other litigation expenses and costs of court.

### Basis for Removal

2.      Removal is proper under 28 U.S.C. §1332 because there is complete diversity of citizenship between the proper parties to the suit and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.[2]

3.      There is complete diversity of citizenship between the parties.  Upon information and belief, Plaintiff was a citizen of Texas when his Petition was filed, and continues to be a citizen of Texas.

4.      At the time Plaintiff filed his First Amended Petition in District Court on July 30, 2019 naming State Farm Lloyds as defendant, and as of the date of filing this Notice, State Farm Lloyds was and still is an unincorporated insurance association whose underwriters were and are all citizens of states other than Texas.[3]  State Farm is a "Lloyd's Plan" organized under Chapter 941 of the Texas Insurance Code.[4]  It consists of an unincorporated association of individual

---

[2] The First Amended Petition asserts Plaintiff's damages are greater than $100,000 and less than $200,000.  *See* Exhibit A, Plaintiff's First [Amended] Petition at page 2.
[3] *See* Exhibit B, Affidavit of Michael Roper.
[4] *See id.*

underwriters.[5]  Lloyds entities have the citizenship of their underwriter members.  *See Royal Ins. Co. of America v. Quinn-L Capital Corp.,* 3 F.3d 877, 882-83 (5th Cir. 1993) *cert. denied*, 114 S. Ct. 1541 (1994) (citizenship of unincorporated *association* determined by citizenship of its members).  For the purposes of determining diversity, "a natural person is considered a citizen of the state where that person is domiciled, that is, where the person has a fixed residence with the intent to remain there indefinitely."  *Underwood Res., LLC v. Brigadier Oil & Gas, LLC*, 3:15-CV-1024-L, 2015 WL 11120876, at *1 (N.D. Tex. June 18, 2015).  As supported by the Affidavit of Michael Roper, at the time this action commenced, and at all times since, each of the State Farm Lloyds underwriters were, and still are, natural persons domiciled in Illinois.[6] Accordingly, based on its members' citizenships, State Farm Lloyds is a citizen of Illinois and complete diversity exists between Plaintiff and State Farm Lloyds.[7]

     5.     Further, this Court has diversity jurisdiction over this matter because the amount in controversy exceeds $75,000.00, exclusive of interest and costs.  In determining the amount in controversy, the court may consider "policy limits and potential attorney's fees, penalties, statutory damages, and punitive damages."[8]  Here, Plaintiff claims that Hurricane Harvey caused damages

---

[5] *See id.*

[6] *See id.*

[7] *See, e.g. Garza v. State Farm Lloyds*, 2013 WL 3439851, at *2 (S.D. Tex. July 8, 2013) ("Therefore, the Court finds that State Farm has sufficiently demonstrated by a preponderance of the evidence that its underwriters are not citizens of Texas.  This means State Farm and the Plaintiffs are completely diverse.")

[8] *St. Paul Reinsurance Co., Ltd v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *see Ray v. State Farm Lloyds*, 1999 WL 151667 (N.D. Tex. Mar. 10, 1999) at *2-3 (finding a sufficient amount in controversy in Plaintiffs' case against their insurance company for breach of contract, fraud, negligence, gross negligence, bad faith, violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, and mental anguish); *Fairmont Travel, Inc. v. George S. May Int'l Co., et. al.*, 75 F. Supp. 2d 666, 668 (S.D. Tex. 1999) (considering DTPA claims and the potential for recovery of punitive damages for the amount in controversy determination); *Chittick v. Farmers Insurance Exchange*, 844 F. Supp. 1153, 1155 (S.D. Tex. 1994) (finding a sufficient amount in controversy after considering the nature of the claims, the types of damages sought and the presumed net worth of the defendant in a claim brought by the insureds against their insurance company for actual and punitive damages arising from a claim they made for roof damages); *see also Waldon v. Stonebridge Life Ins. Co.*, 2013 WL 12090036 (W.D. Tex. Oct. 8, 2013) at *1 (" In ascertaining the amount in controversy, a court may consider policy benefits, potential attorney's fees, as well as penalties, statutory damages, and punitive damages the insurer could be liable for under state law." (citing *St. Paul*, 134 F.3d at 1253)).

to his property that Plaintiff insured through State Farm Lloyds.[9]  Plaintiff seeks damages for State Farm's alleged failure to pay him what was owed under the terms of his insurance contract.[10]  The Policy at issue for the reported April 12, 2016 date of loss is a Texas Homeowner's Policy with coverage limits of $213,200 for the dwelling, $21,320 for dwelling extension, $159,900 for personal property, and additional living expense for the loss of use of the insured location for up to 24 months.

6.     In addition, Plaintiff seeks actual damages, consequential damages, mental anguish and trebled damages for knowing and intentional violations of the Texas Insurance Code and DTPA.[11]  He further seeks statutory interest penalties and exemplary damages.  Plaintiff also seeks attorney fees for bringing this suit.[12]  Thus, given the Policy involved in Plaintiff's claim, the nature of Plaintiff's claim, and the types of damages sought, it is more likely than not that the amount in controversy exceeds the federal jurisdictional minimum of $75,000.00.  Plaintiff specifically states that he is seeking damages in excess of the federal jurisdictional minimum: "Plaintiff affirmatively pleads that it seeks only monetary relief aggregating $100,000 or less…."[13]

7.     Based on the Policy's coverage limits and the out-of-pocket expenses alleged ($34,595.77) and the other consequential damages alleged, it would be legally possible for Plaintiff to obtain a recovery of at least $75,000.00.

### *The Removal is Procedurally Correct*

---

[9] *See* Exhibit A, Plaintiff's First [Amended] Petition at pages 2.
[10] *See* Exhibit A, Plaintiff's First [Amended] Petition at pages 2-6.  Plaintiff has not asserted a cause of action for breach of contract; however, at least part of the measure of Plaintiff's damages will be policy benefits.
[11] *See* Exhibit A, Plaintiff's First [Amended] Petition at 6-7.
[12] *See* Exhibit A, Plaintiff's First [Amended] Petition at page 7-8.
[13] *See* Exhibit A, Plaintiff's First [Amended] Petition at page 2.

8.      State Farm Lloyds was first served with Plaintiff's First [Amended] Petition in District Court on July 30, 2019. Therefore, State Farm filed this Notice of Removal within the 30-day time period required by 28 U.S.C. §1446(b).

12.     Venue is proper in this district under 28 U.S.C. §1446(a) because this district and division embrace the place in which the removed action has been pending and because a substantial part of the events giving rise to Plaintiff's claims allegedly occurred in this district.

13.     Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the state court action are attached to this Notice as Exhibit C.

14.     Pursuant to 28 U.S.C. §1446(d), promptly after State Farm files this Notice, written notice of the filing of this Notice of Removal will be given to Plaintiff, the adverse party.

15.     Pursuant to 28 U.S.C. §1446(d), a true and correct copy of this Notice will be filed with the District Clerk for 25th Judicial District for Guadalupe County, Texas, promptly after State Farm files this Notice.

WHEREFORE, Defendant State Farm Lloyds requests that this action be removed from the 25th Judicial District for Guadalupe County, Texas to the United States District Court for the Western District of Texas, San Antonio Division, and that this Court enter such further orders as may be necessary and appropriate.

Respectfully submitted,

LINDOW ▪ STEPHENS ▪ TREAT LLP

By: _____

David R. Stephens
State Bar No. 19146100
Carol A. Jenson
State Bar No. 1648500
One Riverwalk Place
700 N. St. Mary's St., Suite 1700
San Antonio, Texas 78205
Telephone: (210) 227-2200
Facsimile: (210) 227-4602
dstephens@lstlaw.com
cjenson@lstlaw.com
*Counsel for Defendant State Farm Lloyds*

---

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing Notice of Removal was filed electronically with the United States District Court for the Western District of Texas – San Antonio Division, with notice of case activity to be generated and sent electronically by the Clerk of the Court with ECF notice being sent and a copy mailed via certified mail on the 7th day of August, 2019, addressed to those who do not receive notice from the Clerk of the Court.

Robert M. Avera
AVERA LAW FIRM, PLLC
310 W Highway 290, Suite C
Dripping Springs, Texas 78620
Fax: 512-615-3583
Robert@averalaw.com

_____

David R. Stephens/Carol A. Jenson

**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **JOE PAT BARNETT,** | § | |
|     **Plaintiff** | § | |
| | § | |
| **v.** | § | **Civil Action No. _____** |
| | § | |
| **STATE FARM LLOYDS,** | § | |
|     **Defendant** | § | |

---

### INDEX OF MATTERS BEING FILED

---

State Farm Lloyds' Notice of Removal.

Exhibit A:    Copies of all process, pleadings, orders and the docket sheet on file in the state court lawsuit.

Exhibit B:    Affidavit of Michael Roper.

Exhibit C:    A list of counsel of record.

Exhibit D:    Defendant's Disclosure of Interested Parties.

Exhibit A

# REGISTER OF ACTIONS
## CASE NO. 19-1211-CV-C

---

### PARTY INFORMATION

|  |  | Attorneys |
|---|---|---|
| **Defendant** | **STATE FARM LLOYDS, INC.** | **DAVID R STEPHENS** |
|  |  | *Retained* |
|  |  | 210-227-2200(W) |
| **Plaintiff** | **Barnett, Joe Pat** | **ROBERT AVERA** |
|  |  | *Retained* |
|  |  | 512-615-3578(W) |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | |
|---|---|
| 05/23/2019 | **Docket Sheet** |
| 05/23/2019 | **Original Petition (OCA)** |
| 05/28/2019 | **Citation Issued** |
| 05/28/2019 | **Citation** |
| | STATE FARM LLOYDS, INC.          Served          05/30/2019 |
| | Returned          06/04/2019 |
| 06/04/2019 | **Citation Returned Served** |
| 06/18/2019 | **Original Answer** |
| 07/30/2019 | **Petition (Non-OCA)** |

---

### FINANCIAL INFORMATION

|  |  |
|---|---|
| **Plaintiff** Barnett, Joe Pat | |
| Total Financial Assessment | 431.00 |
| Total Payments and Credits | 431.00 |
| **Balance Due as of 08/07/2019** | **0.00** |

| | | | |
|---|---|---|---|
| 05/23/2019 | Transaction Assessment | | 431.00 |
| 05/23/2019 | TexFile Payment          Receipt # DC-245349 | Barnett, Joe | (431.00) |

NO. 19-1211-CV-C

| | | |
|---|---|---|
| **JOE PAT BARNETT** | § | **IN THE DISTRICT COURT** |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | **25th JUDICIAL DISTRICT** |
| | § | |
| | § | |
| **STATE FARM LLOYDS** | § | |
| **Defendant.** | § | **OF GUADALUPE COUNTY, TEXAS** |

<u>**PLAINTIFF'S FIRST PETITION**</u>

**TO THE HONORABLE JUDGE OF SAID COURT:**

  **NOW COMES** Joe Pat Barnett, hereinafter called Plaintiff, complaining of and about State Farm Lloyds, hereinafter called Defendant, and for cause of action shows unto the Court the following:

**DISCOVERY CONTROL PLAN LEVEL**

  1. Plaintiff intends that discovery be conducted under Discovery Level 2.

**PARTIES AND SERVICE**

  2. Plaintiff, Joe Pat Barnett, is an Individual who resides in Texas.

  3. The last three numbers of Joe Pat Barnett's driver's license number are 391. The last three numbers of Joe Pat Barnett's social security number are 720.

  4. Defendant State Farm Lloyds, a Corporation based in Texas, is organized under the laws of the State of Texas, and service of process on the Defendant may be effected pursuant to sections 5.201 and 5.255 of the Texas Business Organizations Code, by Defendant's attorney of record, David Stephens. Service of said Defendant as described above can be effected by electronic file service.

**JURISDICTION AND VENUE**

  5. The subject matter in controversy is within the jurisdictional limits of this court.

6.      Plaintiff seeks:

     a.     monetary relief over $100,000 but not more than $200,000.

7.      This court has personal jurisdiction herein because Defendant is a Texas resident.

8.      Venue in Travis County is proper in this cause pursuant to Section 17.56 of the Texas Business and Commerce Code.

## FACTS

9.      Hurricane Harvey caused massive devastation in Texas.  It was not just the coastal areas that were affected but also people inland as a result of the high winds.  Plaintiff, Mr. Barnett was one of those affected.  His home at 213 Crest Circle Drive, San Marcos TX 78666 ('Home') suffered substantial wind damage which resulted in damage to his floors and walls. The high winds forced water into the home.  Mr. Barnett has homeowners insurance with Defendant under policy number 83CGD1358.

10.    He submitted a claim with a date of loss of August 26, 2017.  The claim number issued by Defendant is 53-00Q3-09K.  Defendant denied his wind claim on September 15, 2017 alleging that the damage was caused by surface water!

11.    The Home is not near any creek and there is excellent drainage around the home. It is simply not possible that the damage was caused by surface water.

## DECEPTIVE TRADE PRACTICES

12.    Plaintiff would show that Defendant engaged in certain false, misleading and deceptive acts, practices and/or omissions actionable under the Texas Deceptive Trade Practices - Consumer Protection Act (Texas Business and Commerce Code, Chapter 17.41, et seq.), as alleged herein below.

13.     <u>Unconscionable Action or Course of Action</u>.    Defendant engaged in an "unconscionable action or course of action" to the detriment of Plaintiff as that term is defined by Section 17.45(5) of the Texas Business and Commerce Code, by taking advantage of the lack of knowledge, ability, experience, or capacity of Plaintiff to a grossly unfair degree.

14.     <u>Violations of Section 17.46(b)</u>.  Defendant violated Section 17.46(b) of the Texas Business and Commerce Code, in that Defendant:

(a)     caused confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services and

(b)     failed to disclose information concerning goods or services which was known at the time of the transaction with the intention to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed.

15.     <u>Unfair Claim Settlement Practices</u>.  Defendant engaged in unfair claim settlement practices prohibited by Section 541.060 of the Texas Insurance Code, to wit:

(a)     failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear.

16.     <u>Misrepresentation of Insurance Policy</u>.  Defendant misrepresented an insurance policy as prohibited by Section 541.061 of the Texas Insurance Code, to wit:

(a)     failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made.

17.   <u>Unfair and Deceptive Acts or Practices</u>.  Defendant also engaged in unfair and deceptive acts or practices prohibited by Subchapter B, Chapter 541, Texas Insurance Code, to wit:

(a)   using, displaying, publishing, circulating, distributing, or causing to be used, displayed, published, circulated, or distributed in a letter, pamphlet, circular, contract, policy, evidence of coverage, article, poster, or other document, literature, or public media:

(1)   a name as the corporate or business name of a person or entity engaged in the business of insurance or in an insurance-related business in this state that is the same as or deceptively similar to the name adopted and used by an insurance entity, health maintenance organization, third-party administrator, or group hospital service corporation authorized to engage in business under the laws of this state; or

(2)   a word, symbol, device, or slogan, either alone or in combination and regardless of whether registered, and including the titles, designations, character names, and distinctive features of broadcast or other advertising, that is the same as or deceptively similar to a word, symbol, device, or slogan adopted and used by an insurance entity, health maintenance organization, third-party administrator, or group hospital service corporation to distinguish the entity or the entity's products or services from another entity.

18.   <u>Late Payment of Claims.</u> Defendant wrongfully rejected a valid claim as prohibited by Section 542.060 of the Texas Insurance Code and as such Plaintiff is entitled to Eighteen Percent (18%) per annum interest of the amount of damages as well as attorney fees.

19.     <u>Producing Cause</u>.  Plaintiff would show that the acts, practices and/or omissions complained of were the producing cause of Plaintiff's damages more fully described hereinbelow.

20.     <u>Reliance</u>.   Plaintiff would further show the acts, practices and/or omissions complained of under Section 17.46(b) of the Texas Business and Commerce Code and Chapter 541 of the Texas Insurance Code were relied upon by Plaintiff to Plaintiff's detriment.

21.     <u>Written Notice Given</u>.  Plaintiff has timely notified Defendant of such complaint pursuant to Section 17.505(a) of the Texas Business and Commerce Code and Section 541.154 of the Texas Insurance Code by letter dated November 9, 2017, and would show compliance with all conditions precedent to the filing of this suit and recovery of additional damages and attorney's fees.

## COMMON LAW FRAUD

22.     Plaintiff further shows that Defendant made material false representations to Plaintiff with the knowledge of their falsity or with reckless disregard of the truth with the intention that such representations be acted upon by Plaintiff, and that Plaintiff relied on these representations to his detriment.

23.     Plaintiff would further show that Defendant concealed or failed to disclose material facts within the knowledge of Defendant, that Defendant knew that Plaintiff did not have knowledge of the same and did not have equal opportunity to discover the truth, and that Defendant intended to induce Plaintiff to enter into the transaction made the basis of this suit by such concealment or failure to disclose.

24.     As a proximate result of such fraud, Plaintiff sustained the damages described more fully hereinbelow.

## ECONOMIC AND ACTUAL DAMAGES

25.     Plaintiff sustained the following economic and actual damages as a result of the actions and/or omissions of Defendant described hereinabove:

(a)     Out-of-pocket expenses, including but not limited to $34,595.77.

(b)     Loss of use.

(c)     Cost of replacement.

(d)     Loss of credit and damage to credit reputation.

(e)     Interest and/or finance charges assessed against and paid by Plaintiff.

(f)     Reasonable expenses of temporary housing.

(g)     Lost earnings.

## OTHER DAMAGES

25.     Plaintiff would further show that acts and/or omissions of Defendant complained of herein were a producing cause and a proximate cause of the following damages sustained by Plaintiff:

(a)     Loss of fair market value of the home.

## DAMAGES FOR MENTAL ANGUISH

26.     Plaintiff would further show that the false, misleading and deceptive acts, practices and/or omissions described hereinabove were committed "knowingly," as provided by Section 17.45(9) of the Texas Business and Commerce Code, in that Defendant had actual awareness of the falsity, deception, or unfairness of such acts, practices, and/or omissions.

27.     As a result of such acts, practices and/or omissions, Plaintiff sustained a high degree of mental pain and distress of such nature, duration and severity that would permit the recovery of damages for mental anguish pursuant to Section 17.50(b) of the Texas Business and Commerce Code, and for which Plaintiff hereby sues in an amount in excess of the minimum jurisdictional limits of this Court.

## MULTIPLE DAMAGES

28.     As alleged hereinabove, Plaintiff would show that the false, misleading and deceptive acts, practices and/or omissions complained of herein were committed "knowingly" in that Defendant had actual awareness of the falsity, deception, or unfairness of such acts, practices, and/or omissions.

29.     Plaintiff further avers that such acts, practices, and/or omissions were committed "intentionally" in that Defendant specifically intended that Plaintiff act in detrimental reliance on the falsity or deception or in detrimental ignorance of the unfairness.

30.     Therefore, Plaintiff is entitled to recover multiple damages as provided by 17.50(b)(1) of the Texas Business and Commerce Code.

## EXEMPLARY DAMAGES

31.     Plaintiff would further show that the acts and omissions of Defendant complained of herein were committed knowingly, willfully, intentionally, with actual awareness, and with the specific and predetermined intention of enriching said Defendant at the expense of Plaintiff. In order to punish said Defendant for such unconscionable overreaching and to deter such actions and/or omissions in the future, Plaintiff also seeks recovery from Defendant for exemplary damages as provided by Section 41.003(a)(1) of the Texas Civil Practice and Remedies Code.

## ATTORNEY'S FEES

32.     Request is made for all costs and reasonable and necessary attorney's fees incurred by or on behalf of Plaintiff herein, including all fees necessary in the event of an appeal of this cause to the Court of Appeals and the Supreme Court of Texas, as the Court deems equitable and just, as provided by:  (a) Section 17.50(d) of the Texas Business and Commerce Code; (b) Section 541.152(a)(1) of the Texas Insurance Code; and, (c) common law.

### PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Joe Pat Barnett, respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for the economic and actual damages requested hereinabove in an amount in excess of the minimum jurisdictional limits of the Court, together with prejudgment and postjudgment interest at the maximum rate allowed by law, attorney's fees, costs of court, and such other and further relief to which the Plaintiff may be entitled at law or in equity, whether pled or unpled.

Respectfully submitted,

By: /S/ Robert Avera
     Robert M. Avera
     Texas Bar No. 24064113
     Email:  robert@averalaw.com
     310 US 290 West, Suite C
     Dripping Springs, TX 78620
     Tel. (512) 615-3578
     Fax. (512) 615-3583
     Attorney for Plaintiff
     Joe Pat Barnett

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY**

## <u>CERTIFICATE OF SERVICE</u>

I certify that on July 30, 2019 a true and correct copy of Plaintiff's First Amended Petition was served on Defendant's counsel of record through the electronic filing manager.

<u>/s/ Robert Avera</u>
Robert Avera

CAUSE NO. 19-1211-CV-C

| | | |
|---|---|---|
| **JOE PAT BARNETT** | § | **IN THE DISTRICT COURT** |
| | § | |
| **v.** | § | **25TH JUDICIAL DISTRICT** |
| | § | |
| | § | |
| **STATE FARM LLOYDS** | § | **GUADALUPE COUNTY, TEXAS** |

---

## DEFENDANT STATE FARM LLOYDS' ORIGINAL ANSWER TO PLAINTIFF'S FIRST [AMENDED] PETITION

---

TO THE HONORABLE COURT:

Defendant State Farm Lloyds[1] files its Original Answer to Plaintiff's First [Amended] Petition and would respectfully show as follows:

### I.

Defendant generally denies each and every allegation contained in Plaintiff's First [Amended] Petition pursuant to Texas Rule of Civil Procedure 92, and demands strict proof thereof by a preponderance of the credible evidence.

### II.

By this answer, Defendant does not waive any other policy provisions with respect to Plaintiff's claim, including but not limited to, the right to invoke appraisal, Plaintiff's duties after loss, conditions, and all coverage defenses. Defendant specifically asserts all terms, conditions, deductibles, limitations on coverage, and exclusions set out in the Policy and denies it has waived any policy provision.

---

[1] In Plaintiff's First [Amended] Petition, he corrects the defect of parties that was present in Plaintiff's Original Petition. State Farm Lloyds issued the insurance policy that is the subject of the suit and is the proper defendant in this matter. Plaintiff's First [Amended] Petition drops State Farm Lloyds, Inc. as a party and adds State Farm Lloyds as the Defendant.

**III.**

Defendant State Farm Lloyds specifically denies the jurisdictional facts stated in Plaintiff's First [Amended] Petition.  Defendant State Farm Lloyds is not a corporation based in Texas and is not a Texas resident for purposes of jurisdiction.

**IV.**

Pursuant to Rules 54 and 93 of the Texas Rules of Civil Procedure, Defendant denies that all conditions precedent to suit have been performed and/or occurred.  In particular, Plaintiff has failed to submit proof that the damage to his property was caused solely by a covered peril, separate from damage caused by excluded perils.

**V.**

Defendant specifically denies that all conditions precedent have been performed or have occurred with respect to his claims under the Texas Insurance Code and for breach of contract. Although Plaintiff Joe Pat Barnett sent a letter that purported to be notice of his claims under Chapters 541 of the Texas Insurance Code and the Texas Deceptive Trade Practices-Consumer Protection Act ("DTPA"), the letter was deficient in several respects.  Plaintiff's claim arises out of a weather event/force of nature, so the stricter notice requirements of Chapter 542A apply. Because the notice was deficient, Plaintiff did not provide timely notice as required by Chapter 542A and Section 541.154 of the Texas Insurance Code and the DTPA prior to filing suit.[2]  Tex. Ins. Code §542A.003.  Plaintiff's suit arises out of his first-party claim for real property damage due to forces of nature under his homeowners policy.  Tex. Ins. Code § 542A.001(2).  Plaintiff contends his house was damaged by Hurricane Harvey on August 26, 2017.  Chapter 542A applies to "an action on a claim against an insurer" including breach of contract, negligence,

---

[2] Plaintiffs asserts claims under Chapter 541 of the Texas Insurance Code and the DTPA which separately require notice of the claim to be given 60 days prior to filing suit (Tex. Ins. Code § 541.154 and Tex. Bus. & Comm. Code § 17.505).

2

misrepresentation, breach of common law duty, and actions brought under Chapters 541 and 542 of the Texas Insurance Code. First, Plaintiff has failed to provide State Farm Lloyds sufficient notice of the specific facts that give rise to Plaintiff's complaint and how those facts violate the Insurance Code and the DTPA. The statutes require Plaintiff to set forth specific factual allegations to support his complaint; conclusory allegations and recitations of boilerplate complaints do not meet the requisite standard. Second, Chapter 542A requires that the demand indicate that the insured was provided with a copy of the document. Plaintiff's demand fails to indicate that he was provided with a copy of the demand letter. Finally, Chapter 542A requires that the demand state the amount of attorney fees that have been incurred and document the hours and the rate charged per hour. Plaintiff's demand failed to provide the required information with respect to his attorney fees.

Plaintiff's failure to provide proper notice precludes recovery of attorney fees on any of these causes of action. Due to his failure to provide proper statutory notice, Plaintiff is barred from recovering attorney fees from the date this pleading is filed with the Court. Tex. Ins. Code § 542A.007(d).

## VI.

Plaintiff's demand was excessive; therefore, they may not recover attorney fees for breach of contract.

## VII.

Defendant hereby reserves its right to request an inspection under Section 542A.004 of the Texas Insurance Code.

## VIII.

Plaintiff's damages, if any, must be offset by the amount of applicable policy deductibles and payments made on his claim.

3

WHEREFORE, Defendant State Farm Lloyds respectfully prays for a judgment that Plaintiff take nothing, that Defendant recover all its costs, and that Defendant be granted all other relief, at law and in equity, to which it may be justly entitled.

Respectfully submitted,

LINDOW ▪ STEPHENS ▪ TREAT LLP

David R. Stephens
State Bar No. 19146100
dstephens@lstlaw.com
Carol A. Jenson
State Bar No. 10648500
cjenson@lstlaw.com
One Riverwalk Place
700 N. St. Mary's Street, Suite 1700
San Antonio, Texas 78205
Telephone: (210) 227-2200
Facsimile:  (210) 227-4602
*Counsel for Defendant State Farm Lloyds*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Defendant's Original Answer and Verified Denial was served by facsimile and/or electronic service on the **7th** day of **August**, **2019** upon the following counsel of record:

Robert M. Avera
AVERA LAW FIRM, PLLC
310  W Highway 290, Suite C
Dripping Springs, Texas 78620
Fax: 512-615-3583
Robert@averalaw.com

David R. Stephens/Carol A. Jenson

# Exhibit B

## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **JOE PAT BARNETT,** | § | |
| **Plaintiff** | § | |
| | § | |
| **v.** | § | **Civil Action No. _____** |
| | § | |
| **STATE FARM LLOYDS,** | § | |
| **Defendant** | § | |

## AFFIDAVIT OF MICHAEL ROPER

This day appeared before me, the undersigned authority, MICHAEL ROPER, who after being duly sworn, deposed and stated as follows:

1.     "My name is Michael Roper. I am over the age of 18, I have never been convicted of a felony or crime involving moral turpitude, and I am otherwise competent to make this affidavit.

2.     I am an Assistant Secretary - Treasurer of State Farm Lloyds, Inc. ("Lloyds, Inc."), attorney-in-fact for State Farm Lloyds. I am also the Assistant Vice-President - Accounting for State Farm Mutual Automobile Insurance Company ("State Farm Mutual"). My address is One State Farm Plaza, Bloomington, Illinois 61710-0001.

3.     As part of my job duties for State Farm Mutual, I oversee the department that maintains the books and records used to prepare and file the Annual Statements and similar filings for State Farm Mutual and each of its property and casualty insurance subsidiaries and affiliates, including State Farm Lloyds.

4.     State Farm Lloyds is an association of individual underwriters authorized to conduct business in Texas as a Lloyd's plan insurer as defined and set out in Chapter 941 of the Texas Insurance Code.

5.     As a Lloyd's plan insurer, State Farm Lloyds has designated an attorney-in-fact as provided under Texas law. Lloyds Inc., a Texas business corporation, is the attorney-in-fact in Texas for State Farm Lloyds and, as such, Lloyds Inc. is the agent of State Farm Lloyds.

6.     As an officer of these State Farm companies, I have knowledge of their respective directors, principal officers or underwriters, the type of entity each is, and other similar information. I have firsthand knowledge of the statements in this Affidavit pursuant to my duties in the above positions and they are true and correct.

1

7.     On March 19, 2018 the Texas Department of Insurance notified State Farm Lloyds that its Amended Articles of Agreement dated February 1, 2018 had been placed on file and that its records had been updated to reflect the following changes to the underwriters: Katinka Meijerink Bryson replaced Shyama Nichelle Terry, Wensley John Herbert replaced Jon Charles Farney, Kimberly Ann Sterling replaced Jack W. Watts, Jr. and Michael James Arnold replaced Kevin Harper McKay. The underwriters following the changes made by the Amended Articles of Agreement are listed below:

- Angela Kaye Sparks: Ms. Sparks maintains her residence and full time place of employment in Illinois and she has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Annette Romero Martinez: Ms. Martinez maintains her residence and full time place of employment in Illinois and she has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Mark Edward Schwamberger: Mr. Schwamberger maintains his residence and full time place of employment in Illinois and he has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Wensley John Herbert: Mr. Herbert maintains his residence and full time place of employment in Illinois and he has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Katinka Meijerink Bryson: Ms. Bryson maintains her residence and full time place of employment in Illinois and she has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Michael James Arnold: Mr. Arnold maintains his residence and full time place of employment in Illinois and he has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Kenneth Edward Heidrich: Mr. Heidrich maintains his residence and full time place of employment in Illinois and he has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Kathleen Mary Pechan: Ms. Pechan maintains her residence and full time place of employment in Illinois and she has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Patricia Elizabeth Roark: Ms. Roark maintains her residence and full time place of employment in Illinois and she has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

2

- Laurette Catherine Stiles:  Ms. Stiles is domiciled in Illinois.  Her residence and full time place of employment is in Illinois and she has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Kimberly Ann Sterling:  Ms. Sterling is domiciled in Illinois.  Her residence and full time place of employment is in Illinois and she has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Robert Hun Sang Yi:  Mr. Yi is domiciled in Illinois.  His residence and full time place of employment is in Illinois and he has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

8.     At all times since the March 19, 2018 acceptance of the latest Amended Articles of Agreement by the Texas Department of Insurance, the above named underwriters have had their residences and full time places of employment in the State of Illinois.


FURTHER AFFIANT SAYETH NAUGHT."


_Michael Roper_
MICHAEL ROPER


SUBSCRIBED TO AND SWORN TO before me, the undersigned authority on this

the 5th day of August , 2019.

> OFFICIAL SEAL
> KAREN HAMILTON
> NOTARY PUBLIC - STATE OF ILLINOIS
> My Commission Expires January 07, 2022

_Karen Hamilton_
Notary Public for the State of Illinois

# Exhibit C

**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **JOE PAT BARNETT,** | § | |
| **Plaintiff** | § | |
| | § | |
| **v.** | § | **Civil Action No. _____** |
| | § | |
| **STATE FARM LLOYDS,** | § | |
| **Defendant** | § | |

---

### LIST OF ALL COUNSEL OF RECORD

---

<u>Party</u>                                           <u>Attorney(s)</u>

Joe Pat Barnett                              Robert M. Avera
                                                    State Bar No. 24064113
                                                    AVERA LAW FIRM, PLLC
                                                    310  W Highway 290, Suite C
                                                    Dripping Springs, Texas 78620
                                                    Tel: 512-615-3578
                                                    Fax: 512-615-3583
                                                    Robert@averalaw.com

State Farm Lloyds                          David R. Stephens
                                                    State Bar No. 19146100
                                                    Carol A. Jenson
                                                    State Bar No. 1648500
                                                    LINDOW STEPHENS TREAT LLP
                                                    One Riverwalk Place
                                                    700 N. St. Mary's Street, Suite 1700
                                                    San Antonio, Texas 78205
                                                    Telephone: 210.227.2200
                                                    Facsimile: 210.227.4602
                                                    dstephens@lstlaw.com
                                                    cjenson@lstlaw.com

# Exhibit D

**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **JOE PAT BARNETT,** | § | |
| **Plaintiff** | § | |
| | § | |
| **v.** | § | **Civil Action No. _____** |
| | § | |
| **STATE FARM LLOYDS,** | § | |
| **Defendant** | § | |

**DEFENDANT STATE FARM LLOYDS'**
**DISCLOSURE OF INTERESTED PARTIES**

NOW COMES Defendant State Farm Lloyds, (hereinafter referred to as "State Farm"), and hereby certifies that the following persons or entities have a financial interest in the outcome of this litigation:

1.　　　Plaintiff Joe Pat Barnett
　　　　Robert M. Avera
　　　　State Bar No. 24064113
　　　　AVERA LAW FIRM, PLLC
　　　　310  W Highway 290, Suite C
　　　　Dripping Springs, Texas 78620
　　　　Tel: 512-615-3578
　　　　Fax: 512-615-3583
　　　　Robert@averalaw.com

2.　　　Defendant State Farm Lloyds
　　　　David R. Stephens
　　　　State Bar No. 19146100
　　　　Carol A. Jenson
　　　　State Bar No. 10648500
　　　　LINDOW STEPHENS TREAT LLP
　　　　One Riverwalk Place
　　　　700 N. St. Mary's St., Suite 1700
　　　　San Antonio, Texas 78205
　　　　Telephone: (210) 227-2200
　　　　Facsimile: (210) 227-4602
　　　　dstephens@lstlaw.com
　　　　cjenson@lstlaw.com

Respectfully submitted,

By: _____

David R. Stephens
Attorney in Charge
State Bar No. 19146100
Carol A. Jenson
State Bar No. 10648500
LINDOW ▪ STEPHENS ▪ TREAT LLP
One Riverwalk Place
700 N. St. Mary's Street, Suite 1700
San Antonio, Texas 78205
Telephone: (210) 227-2200
Facsimile: (210) 227-4602
dstephens@lstlaw.com
cjenson@lstlaw.com

*Counsel for State Farm Lloyds*

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing Defendant State Farm Lloyds' Disclosure of Interested Parties was filed electronically with the United States District Court for the Western District of Texas, San Antonio Division, with notice of case activity to be generated and sent electronically by the Clerk of the Court with ECF notice being sent and a copy mailed *via certified mail* on this 7th day of August 2019, addressed to those who do not receive notice from the Clerk of the Court.

Robert M. Avera
State Bar No. 24064113
AVERA LAW FIRM, PLLC
310 W Highway 290, Suite C
Dripping Springs, Texas 78620
Tel: 512-615-3578
Fax: 512-615-3583
Robert@averalaw.com

_____
Carol A. Jenson